# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| Clarissa Quinones,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>National Credit Systems, Inc.,<br>a Georgia corporation,<br><br>　　　　Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, CLARISSA QUINONES, THROUGH COUNSEL, Daniel Brennan, Esq. and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]) and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Newnan, Coweta County, Georgia.

4. Venue is proper in the Northern District of Georgia, Newnan Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Newnan, Coweta County, Georgia.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia; and

    b. National Credit Systems, Inc. ("National Credit Systems") is a Georgia corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. National Credit Systems is reporting its tradeline ("False Tradeline") on Plaintiff's Equifax credit disclosure with a balance of $4.710.00.

8. National Credit Systems has no record of the account reflected by False Tradeline for Plaintiff in its system.

9. The False Tradeline should not be reporting on Plaintiff's credit disclosures.

10. On March 19, 2020, Plaintiff obtained her Equifax credit disclosure and discovered the False Tradeline.

11. On or about April 5, 2020, Plaintiff sent National Credit Systems a correspondence stating she disputes the account reflected by the False Tradeline.

12. On or about April 29, 2020, Plaintiff received a correspondence from National Credit Systems stating that it does not have a record of Plaintiff in its system.

13. On or about June 22, 2020, Plaintiff submitted a letter to Equifax, disputing the False Tradeline. In her dispute letter, Plaintiff explained that National Credit Systems could not locate Plaintiff in its system. Plaintiff attached the correspondence from National Credit Systems confirming the same and asked Equifax to delete the False Tradeline.

14. Equifax forwarded Plaintiff's consumer dispute to National Credit Systems.

15. National Credit Systems received Plaintiff's consumer dispute from Equifax.

16. In response to Plaintiff's dispute, National Credit Systems wrongfully verified to Equifax that its reporting of its False Tradeline was accurate.

17. On August 2, 2020, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and National Credit Systems failed or refused to delete the False Tradeline.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY NATIONAL CREDIT SYSTEMS**

27. Plaintiff reincorporates the preceding allegations by reference.

28. At all relevant times, Defendant National Credit Systems, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

29. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

30. Defendant National Credit Systems is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

31. National Credit Systems' foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692e(8) by communicating to any person

credit information, which is known to be false or should be known to be false.

32. To date, and a direct and proximate cause of the National Credit Systems' failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score.

33. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against National Credit Systems for actual damages, statutory damages, costs, interest, and attorneys' fees.

## COUNT II

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONAL CREDIT SYSTEMS**

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Equifax of Plaintiff's consumer dispute of the False Tradeline, National Credit Systems negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

36. National Credit Systems negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as

required by 15 USC 1681s-2(b) and failed to direct Equifax to delete the False Tradeline.

37. The False Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

38. As a direct and proximate cause of National Credit Systems' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. National Credit Systems is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

40. Plaintiff has a private right of action to assert claims against National Credit Systems arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant National Credit Systems for damages, costs, interest, and attorneys' fees.

## COUNT III

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NATIONAL CREDIT SYSTEMS**

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, National Credit Systems willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to delete the False Tradeline.

43. National Credit Systems willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

44. As a direct and proximate cause of National Credit Systems' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

45. National Credit Systems is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant National Credit Systems for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

50. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT V

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

57. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendants:

1. Actual damages;
2. Statutory damages; and
3. Statutory costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: January 29, 2021

By: */s/ Daniel Brennan*
Daniel Breenan, Esq.
Credit Repair Lawyers of America
GA Bar Number 271142

                                            3355 Lenox Rd Suite 750
                                            Atlanta, GA 30326
                                            Telephone: (404) 591-6680
                                            E-Mail: daniel@crlam.com
                                            *Attorneys for Plaintiff,*
                                            *Clarissa Quinones*